1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| IGNACIO RUIZ, | Case No. 1:24-cv-00287-KES-SAB |
| Plaintiff, | ORDER DISCHARGING OCTOBER 15, 2024 ORDER TO SHOW CAUSE |
| v. | (ECF Nos. 14, 16) |
| CITY OF FRESNO, et al., | |
| Defendants. | |

11
12
13
14
15
16
17

18    On March 7, 2024, Plaintiff Ignacio Ruiz filed a complaint against Defendants City of

19  Fresno, Paco Balderrama, Mindy Casto, Joe Alvarez, Tom Rowe, Anthony DeWall, Sean Biggs,

20  and Joshua Knapp.  (ECF No. 1.)  On March 19, 2024, Plaintiff filed proof of service on Defendant

21  City of Fresno, and on April 8, 2024, Defendant City of Fresno filed its answer.  (ECF No. 8.)  On

22  September 26, 2024, the Court granted a stipulation from Plaintiff and Defendant City of Fresno to

23  continue the mandatory scheduling conference because the seven individual defendants had not yet

24  appeared.  (ECF No. 13.)  However, the Court observed that it had been over 200 days since the

25  complaint had been filed and therefore required Plaintiff to "file proof of service or a status report

26  regarding service within fourteen days of entry of [the] order."  (Id. at p. 2.)  Plaintiff failed to file

27  a response by the deadline.

28    On October 15, 2024, the Court issued an order to show cause, ordering Plaintiff to show

cause in writing why the Court should not impose sanctions for Plaintiff's failure to file proof of service or a status report as required by the September 27, 2024 order. (ECF No. 14.)

On October 16, 2024, Plaintiff filed a response to the order to show cause and proof of service indicating that service had been completed on the individual defendants on October 16, 2024. (ECF Nos. 15, 16.) Plaintiff declares that he had been waiting for Defendant City of Fresno to determine whether it would accept service on behalf of the individual defendants since September 3, 2024. (ECF No. 16, ¶ 3.) Plaintiff states that on October 16, 2024, Defendant City of Fresno confirmed it would accept service on behalf of the individual defendants; however, Plaintiff had already set out to effectuate service. (Id.) Thereafter, Plaintiff proffers various reasons regarding the delays in effectuating service in this case and in cases where Defendant City of Fresno may or may not represent other individual defendants. (Id. at ¶¶ 4-6.) Counsel then described his own personal efforts in effectuating service and that his office had failed to calendar the Court's deadline to file proof of service or a status report. (Id. at ¶¶ 7-9.)

Regardless of Plaintiff's contention that "the delay in service in this case has not been due to any lack of diligence on behalf of plaintiff's counsel," he is not absolved from complying with Federal Rule of Civil Procedure 4(m) or this Court's orders. Indeed, Rule 4(m) expressly contemplates that there might be delays in effectuating service but requires that "plaintiff show[] good cause for the failure" to serve a defendant "within 90 days after the complaint is filed." Should a plaintiff show good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff should have moved for an extension of time to complete service before 90 days expired, as well as before a Court order requesting status after 200 days has passed. Plaintiff's failure to comply with Rule 4(m) and this Court's March 8, 2024 order has now required this heavily impacted Court to issue multiple orders. Plaintiff is admonished that he cannot rely on the Court to keep his calendar.

The Court has reviewed Plaintiff's response to the order to show cause that confirms the failure to respond was due in part to an inadvertent calendaring error. The Court finds good cause exists to discharge the October 15, 2024 order.

/ / /

2

1         Accordingly, IT IS ORDERED that the October 15, 2024 order to show cause is HEREBY

2   DISCHARGED.

3

4   IT IS SO ORDERED.

5   Dated:   **October 18, 2024**

                                     UNITED STATES MAGISTRATE JUDGE